## 11134

### C. M. DAVIS SON & CO. v. STUKES, *ET AL.*

#### (115 S. E., 814)

1. Judgment—Judgment in Claim and Delivery Between Same Parties Held Res Adjudicata of Action for Conversion.—A judgment for defendant in an action in claim and delivery for a bale of cotton was bar to a subsequent action between the same parties for conversion of the same bale of cotton.

2. Election of Remedies—Election to Bring Claim and Delivery Resulting in Judgment Estopped Plaintiffs From Bringing Action for Conversion.—Plaintiffs, who had elected to bring an action in claim and delivery for a bale of cotton, and had pursued this remedy to a judgment for defendant, are estopped to bring an action against defendant for conversion of the identical bale of cotton.

Before Wilson, J., Clarendon, August, 1922. Affirmed.

Action by C. M. Davis Son & Co. against S. C. and Mamie E. Stukes. From order dismissing an appeal from a Magistrate the plaintiff appeals.

540          C. M. Davis Son & Co. *v.* Stukes *et al.*

*Mr. J. J. Cantey,* for appellants, cites: *Remedies were distinct and independent and judgment on one was not adjudication of the other.:* 72 S. C., 34; 98 S. C., 190.

*Messrs. Weinberg & Stukes,* for respondents, cite: *Res Adjudicata:* 17 S. C., 40; 55 S. C., 507; 23 Cyc., 1215; 15 R. C. L., Par. 450. *Form of action is immaterial:* 23 Cyc., 1302; 52 S. C., 166; 81 S. C., 516. *Right of election:* 72 S. C., 32.

February 8, 1923.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action in Court of Magistrate for $100.00 damages on account of the alleged conversion of a bale of cotton covered by a crop mortgage given by one Hilton to the plaintiffs; the cotton having been seized and sold by the defendants.

Prior to the institution of this action the plaintiffs had brought an action in claim and delivery against the defendants for the identical bale of cotton involved in the present controversy. The result of that action was a judgment in favor of the defendants. The plaintiff attempted to appeal from that judgment to the Court of Common Pleas, but, the notice of appeal not having been served within the time required by law, the appeal was dismissed by his Honor, Judge Shipp. No appeal was taken from his order. Thereafter this action in damages for conversion of the same bale of cotton was instituted. The Magistrate held that the judgment in the first action was *res adjudicata* of the matters involved in the second action and dismissed the action. Upon appeal to the Circuit Court his Honor, Judge Wilson, sustained the judgment of the Magistrate, and dismissed the appeal.

The present appeal involves the single issue of the correctness of the Magistrate's conclusion. Upon the authority of the cases of *Cannon v. Cox,* 98 S.

C., 185; 82 S. E., 399, and *Johnston-Crews Co. v. Folk,* 118 S. C., 470; 111 S. E., 15, the judgment in the first action is *res adjudicata* of the matters set forth in the second, and upon the authority of the case of *McMahan v. McMahon* (S. C.), 115 S. E., 293, the plaintiffs are estopped by their election to pursue the remedies invoked in the first action which has ripened into a judgment. Although the remedies may be distinct as held in *Reynolds v. Philips,* 72 S. C., 32; 51 S. E., 523, they rested upon the identical facts; and a pursuit of one to judgment is a bar to a pursuit of the other.

·  The order appealed from is affirmed.