14514

## NELSON v. PARSON

(192 S. E., 358)

November, 1936.

*Messrs. M. L. Meadors* and *A. C. Hinds,* for appellant, cite:

336

*Messrs. G. M. Beasley* and *Lee & Shuler,* for respondent.

July 15, 1937.

The opinion of the Court was delivered by Mr. Justice Baker.

The purpose of this action was to recover of the respondent the proceeds of a certain policy of life insurance issued by Lincoln Reserve Life Insurance Company on the life of E. D. Parson. Mary E. Parson, the wife of the insured and original beneficiary, being dead, the insured shortly before his death, it is alleged in the complaint, undertook to change the beneficiary in the manner provided in the policy so that the proceeds thereof on his death would be payable to the appellant. The policy, together with an alleged request for change of beneficiary, was forwarded to the insurance company in ample time to have been received before the death of the insured, which occurred on January 23, 1933. The change of beneficiary was not, however, indorsed on the policy, and after the death of the insured the money was paid to E. L. Parson, as administrator of his estate, the respond-

ent herein. The appellant contends that at the time he received the money, the respondent had full knowledge of the plaintiff's rights in and ownership of the same, and that, under the circumstances, the fund was received by the respondent in trust for the appellant; that she had made demand on the respondent therefor; and that he had refused to pay over to her any of the said proceeds except the sum of $220.00. The appellant sought judgment of the Court against the respondent for the balance, or $1,594.55, with interest.

The respondent filed an answer admitting receipt of the proceeds of the insurance policy in the sum of $1,814.55, denied that appellant had any interest in this money, and alleged that the same constituted assets of the estate of E. D. Parson. He denied that at the time this amount was collected by him he had any knowledge or notice of any claim thereto on the part of the appellant, and alleged that all of said proceeds of the insurance had long since been used and consumed by him in the costs of administration and in payment of claims and debts against the estate.

We have drawn heavily upon the "Statement" contained in the transcript of record in stating the case.

Upon a trial of the case on circuit, appellant introduced in evidence a letter addressed to Lincoln Reserve Life Insurance Company, Birmingham, Ala., and as follows:

"Lanes, S. C., Jan. 12, 1933.

"Lincoln Reserve Life Ins. Co.,
    "Birmingham, Ala.
"Gentlemen: My wife Mary Parson is dead and I am sending you this written notice to change the beneficiary from Mary Parson to Tora Nelson.

"[Signed] E. D. Parson."

It is admitted that accompanying this letter was the insurance policy above referred to. This letter was written by Dr. J. A. Mason, a colored physician, at the request and instance of appellant. After it was written, the letter was de-

livered to appellant to use as a "form," or to have the insured, E. D. Parson, sign it.

Appellant testified that she carried it to E. D. Parson, and that he signed it, and she then mailed or procured the mailing of the letter to the insurance company along with the policy.

Necessarily, before appellant would have any interest in the proceeds of this policy, the insured, E. D. Parson, had to request of or give "notice" to the insurance company of a change of the beneficiary to her, and as evidence thereof she produced the letter above set forth, and testified it had been signed by E. D. Parson.

The respondent denied that the signature was that of E. D. Parson, and introduced testimony to the effect that it was not in E. D. Parson's handwriting.

In submitting the case to the jury, the trial Judge charged in part as follows: "Now, in the first place, what is the issue to be decided in this case? It is a very narrow issue. Nearly all of the facts, almost all of the facts, are not disputed. There is one important fact that is disputed, and on that important fact rests the whole issue in this case to be determined by you. In the first place, it is undisputed that E. D. Parson, who is now dead, had this contract of insurance. What is usually called a policy of insurance. There is no dispute he had that policy of insurance. And there is no dispute at all that Mary E. Parson, his wife, who was the beneficiary under the policy, died. There is no dispute about that. And there is no dispute that the insurance company paid this money to the defendant as administrator of E. D. Parson's estate. The parties all agree on that. The disagreement, the disputed fact, is whether or not the insured, E. D. Parson, signed the letter which was received by the insurance company, and on which letter the plaintiff, Tora Nelson, relies. So that the issue which is to determine this case is this. Is that the signature of E. D. Parson on that letter? And on that issue the whole case depends."

The jury having rendered a verdict in favor of defendant-respondent, and a motion for a new trial having been refused, appellant comes to this Court on ten exceptions, but in printed argument states the questions involved to be:

"I. Did his Honor, the Presiding Judge, err in refusing to admit in evidence:

"(a) Letter of Cabaniss & Johnston, Attorneys, to M. L. Meadors, dated November 12, 1936;

"(b) Letter of Lige Parson to Lincoln Reserve Life Insurance Company, dated January 25, 1933?

"II. Did his Honor, the Presiding Judge, err in submitting to the Jury, as the sole issue for their consideration, the question whether or not E. D. Parson signed the letter directing a change of beneficiary?

"III. Is the Plaintiff entitled to recover in this action, regardless of whether or not E. D. Parson signed the letter directing the change of beneficiary?"

We will first discuss Questions II and III.

Paragraph 3 of appellant's complaint alleges:

"That on or about the fifteenth day of December, 1932, the said E. D. Parson wrote or procured to be written to The Lincoln Life Insurance Company as follows:

"'Lane, S. C., Dec. 15, 1932.

"'Gentlemen:

"'My wife Mary Parson is dead and I am sending you this written notice to change the beneficiary from Mary Parson to Tora Nelson.

"'[Signed]   E. D. Parson.'"

It will be noted that the only difference in the letter set forth in the complaint and that introduced in evidence is the dating.

The appellant in the trial of the case on circuit, having positively testified that E. D. Parson had himself signed the letter, the body of which had been written by another, is bound by this testimony, and when the signature of E. D. Parson was denied, and when there was posi-

tive testimony that it was not the signature of E. D. Parson, and when this letter was the only evidence of an attempted compliance with the terms of the policy as to a change of beneficiary, and when this instrument was relied upon by appellant to establish her right to the proceeds of the insurance policy, its genuineness as the act and deed of the insured became the sole issue. We are not holding that the "written notice" designating a new beneficiary, to be filed at the home office of the insurance company, must necessarily be signed by the insured in order to accomplish a change of beneficiary; nor that the company has to heed the notice in order for it to be effective; but when the "notice" relied upon bears the signature of the insured, and the party claiming the benefits thereunder testifies that the insured personally signed the "notice," the issue becomes clear-cut.

Whether E. L. Parson, prior to being appointed administrator of the estate of E. D. Parson, wrote the insurance company that appellant had been made the beneficiary of the policy, could in no wise affect the right of appellant to recover judgment against him as administrator. And the fact that respondent had notice of the claim of ownership on the part of appellant of the proceeds of the insurance policy could in no wise add to nor subtract from her right of recovery where such right is bottomed upon an instrument of writing alleged to have been executed prior to the administration. Those facts would become material only in a suit on the bond of the administrator after a judgment is procured against him, and when the judgment is uncollectible by reason of insufficient property belonging to the estate with which to pay the judgment.

Further than this, no proper proof of the letter from ▇ Lige (E. L.) Parson to the insurance company was offered to admit of its introduction as evidence. E. L. Parson denied writing the letter, and it was purely hearsay on the part of Cabaniss & Johnston, attorneys, that such a letter was received by the insurance company. And under no

rule of evidence known to this Court is the letter from Cabaniss & Johnston, attorneys, to one of appellant's attorneys, entitled to be introduced as a part of the record. Although the admission, as well as the exclusion of testimony is largely in the discretion of the trial Judge, had he admitted the introduction of these letters and appellant recovered judgment against respondent, and respondent had come to this Court alleging error for the admission of these letters, we would have been able to affirm the judgment only on the ground of harmless error in their admission.

All exceptions are overruled, and the judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate.