14743

NELSON v. PARSON *ET AL.*

(198 S. E., 401)

*Messrs. G. M. Beasley* and *Lee & Shuler*, for appellants,

*Messrs. M. L. Meadors* and *A. C. Hinds,* for respondent,

August 22, 1938.

*Per curiam.*

This action was brought by the plaintiff, on August 2, 1937, to recover the sum of $1,594.55 which she claims to be due her from the proceeds of a policy of insurance issued upon the life of one E. D. Parson, and which were collected from the insurer by the defendant, E. L. Parson, as administrator. The complaint alleged that the policy "under its terms was payable to the insured or the representatives

of his estate, and which, together with the right to receive the proceeds thereof upon his death, the said E. D. Parson, during his lifetime had duly transferred, given, assigned and delivered unto the plaintiff herein as he had full right, power and authority to do." It was also alleged that the defendant, E. L. Parson, was the duly appointed administrator of the estate of E. D. Parson, deceased, and that, at the time the appointment was made, he entered into a bond in the sum of $4,500.00, as principal, with the defendant United States Fidelity & Guaranty Company, as surety, and that the condition of the bond, that he faithfully perform, "his duties as such administrator, as therein provided," had been breached by the failure of the administrator to pay over to the plaintiff the said amount of money. Judgment was asked for in the sum named, with interest.

The defendants filed a joint answer denying the allegations of the complaint. They also set up two affirmative defenses, the second of which alleged that an action had been brought by Tora Nelson, the plaintiff herein, on April 27, 1934, in the Court of Common Pleas for Williamsburg County, against E. L. Parson, as administrator of the estate of E. D. Parson, deceased; that she claimed in such former action that she was due from the proceeds of the same policy —which proceeds the administrator had already collected from the insurer—the same amount sued for in the present case, it being stated in her complaint that during the lifetime of the insured he had notified the insurer that he desired to name her, Tora Nelson, as beneficiary and directed that such change be made in the policy, but that the company had failed to comply with the request. It was further set out in this defense of the defendants that on trial of the former action in the Court below, a verdict was found for the defendant, the administrator, and on appeal to this Court, the judgment was affirmed, as will be seen by reference to the report of that case in 184 S. C., 335, 192 S. E., 358. The following was then alleged: "That in said former action * * * the parties were identical with the parties in the

present action, the subject-matter involved was also the same, and the legal issue therein determined was identical with the legal issue sought to be determined in the present action, the said former action having determined the entire merits of the controversy in favor of the defendants in the present action; and that said former action and the judgment rendered therein constitute and are a complete bar to the right of the plaintiff to maintain and prosecute the present action, and these defendants plead said former action and the judgment rendered therein as *res judicata.*"

The plaintiff demurred to this defense on the grounds "that the former action was one in equity; that the cause of action in the former suit was separate and distinct from that in the present one; that the sole issue in the former action was the designation of a new beneficiary; that the parties to the present action are not the same as those to the former action, and that the points raised by the allegations in the present action are not the same as those raised in the former action."

The matter was heard by his Honor, Judge Dennis, who passed a short order sustaining the demurrer. This appeal followed.

In *Johnston-Crews Co. v. Folk et al.,* 118 S. C., 470, 111 S. E., 15, where the question was fully considered, the Court said (page 17) : "The following have been declared to be the essential elements of *res adjudicata:* (1) Identity of parties; (2) identity of the subject-matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit"—citing *Hart v. Bates,* 17 S. C., 35. See also *Brown v. Huskamp,* 141 S. C., 121, 139 S. E., 181.

As to the first essential element of this defense, as above stated, the only difference in the parties to the two actions here is that in the present case the United States Fidelity & Guaranty Company, the surety on the administration bond of E. L. Parson, is added as a defendant. The surety on a bond of an administrator is, generally speak-

ing, not a necessary party to a suit against the administrator, and this appears to be true in the case at bar, under the alleged facts. See *Bellinger v. United States Fidelity & Guaranty Co.,* 115 S. C., 469, 106 S. E., 470; *Sovereign Camp of the Woodmen of the World v. Means,* 87 S. C., 127, 69 S. E., 85. Furthermore, it is practically conceded by the respondent, although she makes some argument thereabout, that the addition in the present case of the bonding company as a defendant does not change the identity of parties.

As to the second element, it is clear that the "subject-matter" in the former action and in the present action was and is the same, namely, the proceeds of the insurance policy in question. While counsel for the respondent argue in opposition to this view, we are in no doubt as to its correctness.

With reference to the third element, the identity of legal issues to be determined, we think that the cause of action stated in each case was and is the alleged unlawful withholding by the administrator from Tora Nelson, the plaintiff in both cases, of the proceeds of the insurance policy in question. In the first action, she proceeded on the theory that she was the beneficiary under the policy, and was, therefore, entitled to the proceeds thereof as such, and sought to obtain judgment against the administrator therefor. In the present action she proceeds upon the theory that she was and is the assignee of the same policy and of the proceeds thereof, and on that ground asks judgment for the same amount sought to be recovered in the first action. While it is true that the assignee and the beneficiary do not occupy the identical relation to the policy, the relation is very similar. *Deal v. Deal,* 87 S. C., 395, 69 S. E., 886, Ann. Cas., 1912-B, 1142.

The respondent argues, however, that her contentions are fully sustained by the decision of this Court in *Johnston-Crews Co. v. Folk, supra.* We do not think so. In that case, as will be seen from a reading of the opinion, it was held that the second action there involved "a

diametrically opposite theory" to that involved in the first action, and that the plaintiff could not have made in the first case the proof necessary to the second action. We are not confronted with such a situation in this case. The respondent, Tora Nelson, who was also the plaintiff in the first action, could have raised every issue in the first suit which she now seeks to raise in the present case, and could have offered testimony in proof of her allegations thereabout. But she did not elect to do so, and as the "former adjudication is conclusive, not only of the precise issues raised and determined, but of such as might have been raised affecting the main issue" (*Johnston-Crews Co. v. Folk, supra*), the first action is a bar to the prosecution of the present action. See, also, 34 C. J., 811.

Upon careful consideration of the whole matter, we are constrained to hold that plaintiff's demurrer should have been overruled.

The judgment of the Circuit Court is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.