14787

MARTIN v. SEARS, ROEBUCK & CO.

(200 S. E., 87)

*Messrs. Benet, Shand & McGowan,* for appellant,

*Messrs. John W. Crews* and *Harry H. Smoak, Jr.,* for respondent,

December 9, 1938.

The opinion of the Court was delivered by Mr. Justice Baker.

This is an action by respondent against appellant for the alleged unlawful, malicious, willful, wanton and reckless conversion by appellant of a bicycle, the property of respondent, of the approximate value of $32.95.

Paragraphs 3, 4, and 5 of the complaint are as follows:

"3. That on the 14th day of December, 1934, plaintiff bought of the defendant at defendant's store in the City of Columbia, County and State aforesaid, one (1) Elgin Bicycle, the same being of the approximate value of Thirty-two and 95/100 ($32.95) Dollars.

"4. That on or about the 2nd day of September, 1936, at the home of plaintiff, in the County of Richland and the State of South Carolina, the defendant unlawfully, maliciously, willfully, wantonly and recklessly took said bicycle away from the plaintiff.

"5. That the plaintiff, before the commencement of this action, demanded that said bicycle be returned to him, but that defendant failed to return the same, and on the contrary has unlawfully, maliciously, willfully, wantonly and recklessly converted same to its own use, to the plaintiff's damage in the sum of Three Thousand ($3,000.00) Dollars."

Appellant's answer admitted the formal portions of the complaint (Paragraphs 1 and 2); denied the remaining allegations thereof, except as therein specifically admitted, and

"3. Further answering, this defendant alleges that on December 14, 1934, said plaintiff purchased from the Columbia store of the defendant one Elgin Bicycle on the installment plan.

"4. That the payments on this bicycle were not made in accordance with the conditional sales contract and the de-

fendant, in the manner prescribed by law, had the proper officer of the Court take the property from the house of the plaintiff under a claim and delivery proceeding on or about the 2nd day of September, 1936, but case was not reached for trial until the 24th day of May, 1937.

"5. In accordance with the verdict rendered by the jury that the plaintiff herein was entitled to the possession of said bicycle, the Court ordered the bicycle returned to this plaintiff. That upon demand being made of the defendant Sears, Roebuck & Company to produce the bicycle it made a diligent search for same but due to the lapse of time between the taking of the bicycle and the trial of the case, the bicycle could not be located at the place where it had been stored."

The respondent served notice of motion (1) to strike out the answer of appellant for insufficiency irrelevancy and as sham; (2) failing in the above, for an order striking from the answer Paragraphs 3, 4 and 5, as "sham, irrelevant, immaterial and *res judicata.*"

Upon hearing the motion, the trial Judge struck out Paragraphs 3, 4 and 5 of the answer as *res judicata.* The appeal is from such order.

Appellant's Exception 1 properly raises the question before this Court, but frankly we do not understand its Exceptions 2 and 3, and the argument of appellant is predicated upon the theory that this action is for the wrongful taking of the bicycle; whereas it is an action for the alleged unlawful, malicious, willful, wanton and reckless conversion of the property after a taking in an action in claim and delivery.

No defense was pleaded other than hereinbefore stated, and an additional paragraph which alleged that appellant had tendered respondent a new bicycle from its stock, which respondent had refused; and stood ready and willing to give respondent a new bicycle, or the value of the lost bi-

cycle, and tendered same as in full discharge of all liability to him.

In consequence of the allegations in the complaint ■ that the bicycle had been "maliciously, willfully, wantonly and recklessly" taken from respondent; and that there had been a "malicious, willful, wanton and reckless" conversion of the property as taken, it was proper for appellant in answering to not only deny such allegations, but also plead the circumstances under which the bicycle was taken, and such other matter as would refute malice, willfulness, wantonness and recklessness in the failure to return to respondent the property in dispute in the claim and delivery proceeding.

The only portion of the answer which can be said ■ to be *res judicata* is the positive statement in the first and second lines of Paragraph 4, "that the payments on this bicycle were not made in accordance with the conditional sales contract." This question was settled in the former action adversely to appellant, when the parties to the suit were identical and the subject-matter identical.

The latest pronouncement of this Court as to the essential elements of *"res judicata"* is contained in the opinion in *Nelson v. Parson et al.,* 187 S. C., 478, 198 S. E., 401, quoting from *Johnston-Crews Co. v. Folk et al.,* 118 S. C., 470, 111 S. E., 15, and citing other cases.

It is the judgment of this Court that the order appealed from be affirmed in part, as hereinabove indicated, and reversed as to the remaining portion. And leave is hereby granted appellant to, within twenty days after the remittitur goes down, so amend the fourth paragraph of its answer as to make continuity.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.