15427

JOHNSON *ET AL*. v. CAROLINA LIFE INSURANCE CO.

(20 S. E. (2d), 713)

March, 1942.

*Messrs. Tobias & Turner,* of Columbia, Counsel for Appellant,

*Mr. L. A. Hutson,* of Orangeburg, Counsel for Respondent,

June 11, 1942.

The Opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

I am sorry that I do not agree with the conclusion reached by Mr. Acting Associate Justice Stoll in this appeal. The result of it is that the respondents are given two bites at the cherry when I think that in contemplation of law they are entitled to but one.

I so think for two reasons. In the first place I think that the defense of *res adjudicata,* relied upon by appellant, is 'effective. Long the leading case upon the subject is *Johnston-Crews Co. v. Folk,* 118 S. C., 470, 111 S. E., 15, 21, in which the exhaustive opinion of the Court was delivered by the very able Justice Cothran. In that case, after an unsuccessful attempt to set a deed aside for fraud, the plaintiff was permitted to maintain an action based upon the invalidity of the deed so far as subsequent creditors were concerned for failure to record it within time. Thus the facts necessary to establish the separate causes of action were different. The following was cited with approval by the Court:

" 'A test of the identity of the cause of action is, Would the evidence adequate to recovery in the second have been sufficient to support the first?' *Sarson v. Maccia,* 90 N. J. Eq., 433, 108 A., 109."

A short time after the decision of the *Johnston-Crews Co. case,* the Court decided *C. M. Davis Son & Co. v. Stukes,* 122 S. C., 539, 115 S. E., 814, in which Mr. Justice Cothran again wrote the opinion, cited *Johnston-Crews Co. v. Folk* and held that the doctrine of *res adjudicata* was applicable. In that case the plaintiff had pursued to adverse judgment an action in claim and delivery and thereafter commenced the action then on appeal for damages for conversion, based upon the same facts.

In the second place, I think that the respondents elected their remedy when they brought suit on the policy alleging that they were the beneficiaries; see the holding in *C. M. Davis Son & Co. v. Stukes, supra,* that the plaintiffs were estopped by their election to pursue the remedy of claim and delivery, and having prosecuted that action to judgment, the latter was a bar to their second action, because both rested on identical facts. The latter doctrine was more fully discussed in *McMahan v. McMahan,* 122 S. C., 336, 115 S. E., 293, 26 A. L. R., 1295, decided just before *C. M. Davis Son & Co. v. Stukes* and apparently at the same time under consideration by the Court.

The respondents in this appeal first sued as beneficiaries under the policy and the original beneficiary intervened and recovered judgment, thus defeating respondents. Now they bring suit against the insurer upon the latter's alleged tortious failure to change the beneficiary. But the law is that "where the failure to complete a change of beneficiary is due to the neglect or delay of the insurer or its agents to make the proper endorsement thereof, the change is regarded as complete." 29 Am. Jur., 991. See, also, the decisions upon the point in 78 A. L. R., 972.

It appears that the trial Court fell into error in the view that the cause of action now asserted by respondents did not accrue "until the issues in the prior action had been finally determined." But it is the facts that give rise to the cause of action and they, of course, had transpired when the first action was commenced. *Livingston v. Sims,* 197 S. C., 458, 15 S. E. (2d), 770.

I think that the respondents' second action should have been dismissed and, therefore, that the order of the County Court should be reversed; and it is so ordered.

Reversed.

(The foregoing, first written as a dissent, was concurred in by a majority of the Court and became the judgment.)

MR. ASSOCIATE JUSTICE FISHBURNE and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.

MR. CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE (dissenting): on December 15, 1932, the Carolina Life Insurance Company issued its policy on the life of Nancy Stewart in the sum of One Hundred and Twenty ($120.00) Dollars, and Ransom Stewart was named therein as beneficiary.

On October 26, 1939, Nancy Stewart died, and on November 4, 1939, Helen Johnson and Maggie Johnson, her daughters, brought suit against the Carolina Life Insurance Company to recover One Hundred and Twenty ($120.00) Dollars, with legal interest thereon.

The complaint of Helen Johnson and Maggie Johnson in substance alleged that they were daughters of Nancy Stewart, deceased; the issuance of the life insurance policy on their mother by the Carolina Life Insurance Company; that on October 1, 1939, Nancy Stewart had her daughter Helen Johnson arrange with the insurance company to change the beneficiary in the policy so as to make these two daughters the beneficiaries therein; that on October 26, 1939, their mother died, and soon thereafter the insurance company was notified thereof and payment demanded by them as the beneficiaries under the policy.

To this complaint the defendant company duly served its answer, and in substance alleged the issuance of its policy on the life of Nancy Stewart in which Ransom Stewart was named as beneficiary; that during the month of October, 1939, an instrument purporting to be a request by Nancy Stewart to change the beneficiary, but same was in blank and did not name the persons to be substituted as beneficiaries; that the sum of One Hundred and Twenty ($120.00) Dollars is owing to someone under said policy; that said amount is being claimed by Ransom Stewart, who was named as beneficiary in the policy, and also by the two plaintiffs, who claim as substituted beneficiaries.

In this suit Ransom Stewart intervened and in his answer set up he was the sole beneficiary under said policy of insurance.

On trial of this case in the County Court for Orangeburg County, the jury found a verdict in favor of Ransom Stewart.

On May 16, 1941, a second action was brought by Helen Johnson and Maggie Johnson against the Carolina Life Insurance Company. In this complaint the plaintiffs in substance alleged the same statement of facts as alleged in the first case. The only material difference in these two causes of action is that in the first case plaintiffs were claiming as beneficiaries under the policy, while in the second suit they are claiming damages in an amount equal to the value of the policy because the defendant company did not change the policy so as to have made them the beneficiaries instead of Ransom Stewart.

The defendant's answer to this complaint was substantially the same as the answer in the first case. It also alleged that the first action was a complete and full adjudication of all issues involved in the second action.

On proper notice a motion was made by defendant before Honorable John S. Bowman, Judge of the County Court of Orangeburg County, to dismiss the second complaint on the grounds that the matters and things involved in said cause had been fully adjudicated and determined adversely to the contentions of the plaintiff by a Court of competent jurisdiction, and that the findings, verdict and judgment therein were *res judicata* against the claims of the plaintiffs in the second case.

Judge Bowman, by his order dated June 2, 1941, refused defendant's motion to dismiss the complaint. In his order Judge Bowman said:

"The essential elements of *res judicata* are the identity of the parties, the identity of the subject-matter, and an adjudication in a former suit of the precise question sought to be raised in the second suit.

"Testing the complaints in the two actions by these rules, the results are as follows:

" 'A' There cannot be an identity of parties because the winning defendant in the prior action is not a party to the instant action.

" 'B' There is no identity of subject-matter because the prior action was for the recovery of the proceeds of a life insurance policy, whereas the instant action is for the recovery of damages for the breach of a contract agreeing to change the beneficiary under the aforementioned policy contract.

" 'C' The precise question sought to be raised in the instant action was not adjudicated in the prior action, and indeed could not have been so adjudicated for the cogent reason that the cause of action in the instant case had not yet accrued, and could not have accrued until the issues in the prior action had been finally determined."

The appeal raises one question which is clearly stated by Judge Bowman in his order.

In the former suit the plaintiffs were Helen Johnson and Maggie Johnson and the defendant was the Carolina Life Insurance Company. In this suit Ransom Stewart intervened, claiming to be the sole beneficiary under the policy and became a defendant. The jury found that he was the sole beneficiary and he was awarded the one hundred and twenty dollars under the provisions of the policy.

In the present suit the plaintiffs are again Helen Johnson and Maggie Johnson, and the defendant is again the Carolina Life Insurance Company.

In the former suit the real controversy was between the plaintiffs and the defendant Ransom Stewart. The insurance company admitted that it owed one hundred and twenty dollars to someone, and the issue really tried in the former case was whether Ransom Stewart or the plaintiffs were the beneficiaries under the policy. Ransom. Stewart won. He is not a party to the present action and is not a

necesary party thereto. With the elimination of Ransom Stewart from the instant case it cannot be said that the parties are the same in both cases.

The subject-matter of the former case as tried was narrowed to one question, namely: Were the plaintiffs the beneficiaries under the policy or was the defendant Ransom Stewart the beneficiary? In the pending suit this question is not in issue at all. The question raised in the present case is whether or not the insurance company is liable for damages in the amount of the face of the policy because of its failure to change the beneficiaries so as to have made the plaintiffs the beneficiaries under said policy. The first suit was for the recovery of the proceeds of the life insurance policy. The second suit is for the recovery of damages for the breach of an alleged contract.

If the subject-matter of the first and second suits are not identical, then it necessarily follows that the question raised in the instant case could not have been adjudicated in the former trial.

Appellant stresses the case of *Nelson v. Parson,* 187 S. C., 478, 198 S. E., 401, as being controlling in the instant case. Careful consideration has been given this case and other cases cited by appellant, but in our opinion these cases. are not conclusive of the questions raised by this appeal.

All exceptions should be overruled and the case remanded · for trial.

Mr. Chief Justice Bonham concurs.