15515

GLENN v. METROPOLITAN LIFE INSURANCE COMPANY

(24 S. E. (2d), 609)

October, 1937.

*Messrs. McLain & Elliott,* of Columbia, Counsel for Appellant,

*Mr. D. McK. Winter* and *Mr. Frank L. Taylor,* both of Columbia, Counsel for Respondent,

March 15, 1943.

The unanimous opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER:

On April 9, 1925, the appellant issued a policy of life in-surance to the respondent, to which policy was attached a supplementary contract reading as follows:

" "In consideration of the application for this contract, as contained in the application for said Policy, the latter being the basis for the issuance hereof, and in consideration of five dollars and sixty cents, payable Ann. as an additional premium herefor, such payment being simultaneous with, and under the same conditions as, the regular premium under the said Policy, except as hereinafter provided.

"Hereby agrees, that upon receipt by the Company at its Home Office in the City of New York of due proof, on forms which will be furnished by the Company, on request, that the insured has, while said policy and this Supplementary Contract are in full force and prior to the anniversary date of said Policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said Policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability,

"1. Waive the payment of each premium falling due under said Policy and this Supplementary Contract, and,

"2. Pay to the insured, or a person designated by him for the purpose, or if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record under said Policy, a monthly income of $10.00 for each $1,000.00 of insurance, or of commuted value of instalments, if any, under said Policy."

In the original application for the policy of insurance, the age of the respondent at nearest birthday in April, 1925, was first written as fifty-one years, and later a two was written over the one. In the space for the date of respond-

ent's birth, there is written "born—July—'73," and the policy was written and delivered showing the age of respondent at that time as fifty-two (this being the age nearest to the anniversary of the policy). It is obvious that it was a mere clerical error in first writing respondent's age as "fifty-one" in the application. But as we view this appeal, it is immaterial whether the correct age of respondent at that time was fifty-one or fifty-two.

The original action in this case was commenced in February, 1936, and was on the disability feature of the policy, the respondent alleging that he was entitled to the benefits provided for in the Supplementary Contract above set out by reason of his having become in 1932 totally and permanently disabled within the terms and meaning of the policy; and further, for premiums paid on said policy for three years.

The case came on for trial before Honorable A. W. Holman, Judge of the Richland County Court, and a jury, at the May, 1936, term of said Court, resulting in a verdict being directed by Judge Holman for the appellant.

On May 15, 1934, the policy of insurance having been lapsed for nonpayment of the premium due on April 9, 1934, respondent signed an application for re-instatement of the policy, which was put into effect, and in this application for re-instatement, which included application for a loan on the policy with which to pay the premium, was the representation by the respondent that his health was good. (This policy was re-instated and kept in effect by the signing of similar applications in May, 1932, and in May, 1933.)

During the trial of the original or first case, the appellant herein introduced in evidence the re-instatement application above mentioned, and upon the conclusion of all of the testimony, made a motion for a direction of verdict "on the grounds that prior to the demand for total and permanent disability, to-wit: the 15th day of May, 1934, the insured allowed the policies to lapse, and thereafter made a new

contract with the defendant insurance company by signing an application for re-instatement, wherein and whereby he represented his health as good, and that he was in business as a merchant, and such contract was made subsequent to the anniversary date of said policy nearest to his sixtieth birthday, and the total and permanent disability clause of the policy provides that he must become totally and permanently disabled prior to the anniversary date of said policy nearest to his sixtieth birthday, and thereafter the insured is not entitled to recover any total and permanent disability under this policy." Thereupon, respondent made a motion to be allowed to amend his complaint by alleging fraud in the procurement of the re-instatement application in an effort to violate the contract sued upon. Respondent also made a motion for a voluntary nonsuit on the ground of surprise; and further moved to strike from the testimony the said re-instatement application. And in making these motions, stated: "I also want in the record the further position that by the letter previously written by the company, they waived the right to rely upon that statement, and the right to deny payment of benefits, if it were shown that the man was totally and permanently disabled at this time."

The letter referred to was one from appellant to respondent, dated June 28, 1933, refusing to admit liability for the payment of the disability benefits and waiver of payment of premiums, and which contained the following statement: "Should you at any later date become disabled * * * we shall be glad to consider a claim upon request."

Following the granting of appellant's motion for direction of verdict, the respondent moved for a new trial on numerous grounds unnecessary to here report.

In refusing the motion for a new trial, the trial Judge definitely held that the policy had been lapsed for the non-payment of the premium due on April 9, 1933, the anniversary date of the policy being April 9, and that respondent's sixtieth birthday was July 26, 1933. (The trial Judge

became confused as to the date when the policy was re-instated after the lapse of April 9, 1933. The policy was in May, 1933, re-instated by the signing of an application similar to the one signed on May 15, 1934, the one being attacked in the action now pending in this Court; and when the policy was again lapsed for non-payment of the premium becoming due on April 9, 1934, it was again re-instated by the signing of the application for re-instatement of date May 15, 1934); that "plaintiff having signed the application for re-instatement, representing that his health was good on May 15, 1934, he is thereby bound that any disability which may now exist must necessarily have had to commence subsequent to that date"; that he had committed no error in refusing to permit respondent to amend his complaint so as to change his cause of action; and quoting from the order:

" * * * Likewise I see no grounds for striking out the reinstatement applications and the testimony relative thereto. As for the motion for a nonsuit on the ground that plaintiff's attorneys were taken by surprise on the production of the applications for reinstatement, the testimony clearly shows that the plaintiff's wife, who acted in his behalf as agent in all of his insurance matters and other business matters during the period involved, was fully conscious and aware of the fact that plaintiff had signed the application for reinstatement, and was present at the time, and could have, and should have informed plaintiff's attorneys of this fact before trial, and thus avoided any surprise.

"Plaintiff's attorneys further maintain that a certain letter dated June 28, 1933, from the supervisor of the Permanent Disability Division of the defendant company to the plaintiff constituted a waiver of the terms of the policy relative to the disability of the plaintiff necessarily having to apply prior to the anniversary date of the policy nearest the sixtieth birthday of the insured, because of the said paragraph thereof which states:

" 'Should you at any later date become disabled * * * we shall be glad to consider a claim upon request.'

"The language of this letter clearly shows that the defendant company intended to and did state that it would consider a claim at such later date only under and according to the terms of the policy, and did not in any way waive any of the terms of the Policy. * * *.' "

There was no appeal from the order directing a verdict in favor of the appellant, nor was there an appeal from the order refusing a new trial.

On July 31, 1939, respondent instituted a new action based on this same policy, whereby he alleged that an agent of appellant "in pursuance of a plan and scheme to swindle, cheat and defraud plaintiff out of the benefits to which he was entitled under said policy * * *" induced respondent to sign the re-instatement application referred to in the original action.

The appellant, by its answer, denied all allegations of the complaint pertinent to the issue raised by this appeal; and further alleged that if respondent was then totally and permanently disabled, which was denied, he had become so subsequent to the anniversary date of the policy nearest to his sixtieth birthday.

The appellant also served notice of a motion to strike all allegations of the complaint with reference to the fraudulent procurement of the reinstatement application, which motion was refused.

Upon a trial of this case in January, 1937, which was denominated as an action for fraud and deceit, but which was an action for the fraudulent breach of a contract, the jury rendered a verdict in favor of respondent in the sum of Five Hundred ($500.00) Dollars actual, and One Thousand ($1,000.00) Dollars punitive damages.

This appeal is from the order refusing to strike portions of the complaint; from the refusal to direct a verdict for

appellant; from the verdict and judgment entered thereon, and from the order refusing a new trial.

At the conclusion of all testimony, the appellant moved for a direction of verdict in its behalf (which motion was refused) on several grounds, but we will state only two of them, which are as follows:

"The next ground is that this matter has already been before a Court of competent jurisdiction, and has been decided by the Court, first, that the statement was not received fraudulently or deceitfully, because the Court decided that he was not entitled to disability benefits, and if the Court had decided that the statement was obtained fraudulently or deceitfully, then, it would necessarily have wiped it aside, and left it a question for the jury to say whether or not he was disabled.

"On the further ground that at the time the statement or application for re-instatement was signed or procured, the policy was then not in benefit, and, therefore, there was nothing for the plaintiff to have lost by signing or not signing the application, but, as a matter of fact, the only way he could have any rights in the policy at all was by signing the application in order to put the policy back in benefit."

The only damages alleged by the respondent in his second complaint is that he didn't get the disability benefits provided for in the contract of insurance, and as heretofore shown, it had already been adjudicated by a Court of competent jurisdiction that respondent was not entitled to these benefits.

Respondent clearly had the right to attack the application for re-instatement of the policy in the first trial, and there was no appeal from the ruling and order thereabout. It wasn't necessary for respondent to plead fraud in order to attack the reinstatement application in the first trial. Of course, if respondent had been seeking damage by reason of the fraud, he would have had to plead it, but he was

then (in the first trial) undertaking to show fraud defensively.

In our opinion, the doctrine of *res judicata* is clearly applicable to this case, and the trial Judge should have granted the motion of appellant for a direction of verdict in its behalf. The result of the rulings of the trial Judge was, copy-modeling from the language used by Mr. Justice Stukes in writing the prevailing opinion of the Court in the case of *Johnson et al. v. Carolina Life Insurance Co.*, 200 S. C., 308, 20 S. E. (2d), 713, to give respondent two bites at the same cherry, when in contemplation of law he is entitled to but one.

While our reversal of the judgment in this case is based upon strictly legal grounds, we think it but just to appellant for us to state that after a careful study of the record, we can find no evidence from which a reasonable inference could be drawn that the appellant fraudulently breached the contract of insurance, or practiced "fraud and deceit" in the procurement of any of the re-instatement applications.

It is the judgment of this Court that the judgment appealed from be reversed, and the case remanded to the Richland County Court for entry of judgment in favor of the appellant.

Mr. Chief Justice Bonham, Messrs. Associate Justices Fishburne and Stukes, and Circuit Judge L. D. Lide, Acting Associate Justice, concur.