16167

HORTON *ET AL.* v. HORTON *ET AL.*
(51 S. E. (2d) 425)

*Messrs. Murdoch M. Johnson, John K. DeLoach, and William M. Wilson, Jr.,* all of Camden, *for Appellant,*

*Mr. C. B. Ruffin,* of Bishopville, *for Respondents,*

January 10, 1949.

STUKES, Justice:

Henry T. Horton of Kershaw County died in January 1937 seized and possessed of a tract of 300 acres of land situate there. He left a will of which his niece, Eva H. Truesdale, the appellant here, was sole beneficiary and executrix. The will was promptly admitted to probate and she qualified as executrix. Within a month or so an action was brought by certain heirs at law of decedent against another in her individual capacity and as the representative of other heirs not served, against Mrs. Truesdale individually and as executrix of the will, against her husband and against a timber cutter and the Kershaw Lumber Company, the purchaser of manufactured lumber which was being cut and sold from the premises. It was alleged in the complaint that the will was invalid except to the extent that Mrs. Truesdale inherited under the laws of intestacy for the reason that her husband was one of the witnesses to the will, and that she had committed waste by procuring the timber to be cut, manufactured and sold with the aid of her husband and through the agency of the defendant cutter. The prayer of the complaint was for injunction against further cutting and removing of the timber and that Mrs. Truesdale account for the proceeds of the former sales. She and the other defendants, except the cutter of the timber, defaulted and it was adjudged by the resulting decree that the devise to Mrs. Truesdale was void insofar as it exceeded in value the property which she would have taken had there been no will. Sec. 8919, Code of 1942. Money owing by the lumber company for former deliveries to it was directed to be paid into court for distribution to the answering defendant cutter in liquidation of a balance owing him for his services and to the payment of the costs of the action, and any balance remaining to be held subject to further order. There was no appeal

from this decree and it was duly enrolled in the judgments of the court.

The present action was commenced about Feb. 23, 1939 for the partition of the land and it appears that all of the heirs at law are parties plaintiff or defendant. Appellant, who is a defendant, interposed her answer wherein there was alleged in support of her claim of ownership an agreement by decedent to devise to her all of his property in consideration of her support and care of him during his lifetime. Plaintiffs, who are respondents in this appeal, replied to the answer with the plea of *res judicata* by reason of the proceeding commenced in 1937, to which reference has been made. Other issues were made by the pleadings but only that relating to former adjudication is before us. The case was referred to the Master who overruled the plea but this was reversed by the trial court which held that the contention of appellant of a contract by decedent to devise his property to her was barred by the former judgment.

*Johnston-Crews Co. v. Folk,* 1922, 118 S. C. 470, 111 S. E. 15, has since its decision been our leading case upon the subject of *res judicata.* Many approving citations of it are found in subsequent decisions. There creditors of an insolvent debtor who had failed in an action to set aside his deed for fraud were permitted to recover in a later suit to subject the premises to payment of their claims which arose before notice or recordation of the deed. The plea of former adjudication was denied because the causes of action were not the same and the issue raised in the second suit had not been decided in the first. An example of the efficacy of the plea because of identity of causes (not remedies) is *C. M. Davis Son & Co. v. Stukes,* 1923, 122 S. C. 539, 115 S. E. 814; and because of the former decision of the precise issue, *Watson v. Goldsmith,* 1944, 205 S. C. 215, 31 S. E. 2d 317, although the latter is not an exact illustration of *res judicata* as will be seen by reference to it. The clear authority of the cited cases and the precedents which they review render un-

necessary a further discussion of the applicable principles of law. Such, however, may be found in the very recent decision of *Griggs v. Griggs,* 1949 (S. C.) 51 S. E. (2d) 622.

The facts, which have been stated, take this case out of the rule of *res judicata.* The issue in the former action was not generally the ownership of the land but only the appellant's right under the existing will and the relief sought was injunction and accounting, while this action is one for partition of the lands and involves the claim of contract to make a will. The causes of action are different and the facts necessary to sustain the contentions vary. Incidentally, action for partition was not maintainable at the time of the first proceeding, within a few months after the death of the former owner. *Ex parte Worley,* 49 S. C. 41, 26 S. E. 949. Circuit Court Rule 54. There was adjudicated in the first action appellant's claim under the probated will; here the issue is her alleged right under contract of decedent to make a valid will in her favor. There was no determination in the first action of the issue now tendered by appellant and in these circumstances, in the absence of identity of causes of action, the doctrine of *res judicata* does not apply.

The judgment is reversed and the case remanded for further proceedings consistent herewith.

BAKER, C. J., FISHBURNE, TAYLOR and OXNER, J. J., concur.