17494

George W. WHITE, Appellant, v. Carrie W. LIVINGSTON, Respondent

(106 S. E. (2d) 892)

*Messrs. Moss & Moss,* of Orangeburg, *for Appellant,*

*Messrs. Marshall B. Williams* and *Hydrick & Hydrick,* of Orangeburg, *for Respondent,*

The order of Judge Brailsford follows:

The complaint in this action alleges that on December 14, 1945, the plaintiff conveyed certain property in the town of North, S. C. to the defendant, who is his sister, to stand as security for a debt; that defendant· has since dealt with the property as her own, has collected rents and profits therefrom more than sufficient to pay the indebtedness, and has refused to reconvey the property to the plaintiff on his demand.

The prayer of the complaint is that the deed of conveyance be declared to be an equitable mortgage and that the defendant be required to account and for other incidental relief.

The defendant by her answer claims title to the property under the deed; and pleads as a bar to the action the judgment of this Court in a prior action between the parties, wherein the plaintiff unsuccessfully sought to have the same deed set aside upon the ground that its execution had been procured by defendant's fraudulent representation that the instrument was a mortgage.

Plaintiff's reply to this defense, filed in compliance with an order of the Court admits the existence of the judgment and "incorporates the full and complete judgment roll in this reply as a part thereof." Plaintiff denies that the judgment constitutes a bar and alleges that the facts established in that action show that the plaintiff is entitled to the relief sought.

Plaintiff appealed to the Supreme Court from the judgment in the prior action. The opinion of that Court, affirm-

ing the judgment, is reported in 231 S. C. 301, 98 S. E. (2d) 534. Reference to it should be had for a better understanding of this order.

The present action is before me on defendant's motion for judgment on the pleadings, upon the ground that the former judgment "constitutes a bar to the plaintiff's action and estops him from again re-litigating the issue with respect to the validity of the instrument referred to in the complaint." Such a motion is in the nature of a general demurrer (*Page v. North Carolina Mut. Life Insurance Co.,* 207 S. C. 277, 35 S. E. (2d) 716) and appropriately raised the legal question of whether the former action is a bar to the prosecution of this one. The issue has been fully argued on the merits and I have given it careful consideration.

The defendant contends that the plaintiff made a binding election by claiming relief in the first action on the ground that the deed was procured by fraud; and is now debarred from invoking a remedy which must rest on an inconsistent state of facts.

The plaintiff, on the other hand, contends that the event of the first suit shows that he mistakenly pursued a remedy which was not available to him, and that he is not thereby precluded from pursuing another remedy to which he is entitled. He relies upon such authorities as *Lafitte v. Tucker,* 216 S. C. 201, 57 S. E. (2d) 255, which unquestionably establish the principle that the mistaken choice of a fancied remedy *on a certain state of facts* is not such an election as will bar subsequent pursuit of *another remedy which is appropriate to the same state of facts.*

But here the plaintiff did not make a mistake as to his remedy within the meaning of this rule. The action which he brought was entirely appropriate to the facts alleged in his complaint and to which he testified. There was no failure of proof in the sense that the evidence was legally insufficient to raise a factual issue as to fraud. That he lost his case when all of the evidence was weighed by the Court does not es-

tablish that he mistook his remedy. Instead, he mistook his ability to prove the facts on which he rested his claim to relief.

With full knowledge of the circumstances, he made a deliberate choice to prosecute the first action upon the charge that he, being unable to read, was induced to sign the deed in question by the false and fraudulent representations of his sister and of another that the instrument was a mortgage. This action having terminated unsuccessfully, the question now is whether he will be heard to rest his claim to relief upon an entirely different and inconsistent state of facts, to wit, that he knowingly executed the deed, with the understanding that it should be operative as security only.

The law applicable in this situation was so clearly stated for a unanimous Court by the able Justice Cothran in *Ebner v. Haverty Furniture Company*, 138 S. C. 74, 136 S. E. 19, 20, that I feel justified in quoting from it at some length:

"The subject (election of remedies) has been discussed in a myriad of cases; in them there is great confusion and irreconcilable conflict. We venture to suggest that much of the confusion and conflict results from a failure to appreciate the double contingency in which the doctrine is applicable. There are two distinct conditions under which the plaintiff may be met with the objection of election of remedies: (1) Where he has alleged a certain state of facts and invoked a certain remedy, and later brings an action alleging an entirely different and repugnant state of facts and invokes a certain remedy different from that invoked in the first action; (2) where he has alleged a certain state of facts and invoked a certain remedy, and later brings an action alleging the same facts as in the first action, and invokes a certain remedy different from the remedy invoked in the first action.

"(1) The first condition presents rather a case of 'election of remediable rights,' than a case of 'election of remedies,' although it is included in the general appellation of 'election of remedies.' A remediable right is a legal conclu

sion from a certain state of facts; a remedy is the appropriate legal form of relief by which that remediable right may be enforced.

"(2) The first condition, the election of remediable rights,. is based 'upon the theory that a party cannot, in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies.' *McMahan v. McMahon*, 122 S. C. 336, 115 S. E. 293, 26 A. L. R. 1295. As is further said in that case:

"If a party should invoke a remedy appropriate to a certain state of facts, and there should exist another remedy appropriate to a different state of facts, inconsistent with and repugnant to the first state of facts, his invocation of the first remedy is an election which by the bare commencement of the action will bar his right to invoke the other remedy."

"It is plain that in such a case, the inconsistency or repugnancy does not lie in the remedies which he has invoked, but in the different statements of fact, the different remediable rights, asserted by him in the respective actions; and the law, in the interest of honest pleading, will hold him estopped or barred by his first complaint, from pursuing a different remedy based upon a repugnant state of facts."

The opinion in the *McMahon case* was also written by Justice Cothran and was heavily relied upon in drafting 18 American Jurisprudence, Election of Remedies, Section 12.

The presumption that an absolute deed was intended as a conveyance may be overcome by establishing either of two states of facts: (1) That the grantor was deceived into signing the deed, believing it to be a mortgage; or (2) that the parties agreed that the deed should operate as a mortgage. The two sets of facts are basically inconsistent. The one involves a deed unwittingly made, and the claim to relief rests upon fraud in its inception. The other involves a deed wittingly made and the claim to relief rests upon a violation of the agreement that it should operate as a mortgage, which necessarily includes an agreement to reconvey upon payment of the debt. One who has laid claim to

relief under the first state of facts cannot, without manifest inconsistency, claim relief under the other. That is plaintiff's plight.

Plaintiff apparently contends that the circumstances attending the transaction, as to which the parties testified on the former trial, are in themselves sufficient to rebut the presumption that the deed was intended as a conveyance, and may be relied upon without inconsistency. The circumstances relied upon are merely evidence of the existence of a ground of relief. On the trial of the first action, they were relied upon by plaintiff and considered by the Court as evidence of fraud. They can have no weight as evidence of an agreement that the deed should operate as a mortgage, unless plaintiff now stands upon such an agreement, which he cannot do because of his former reliance on a repugnant state of facts.

Under the rule in the *Ebner case, supra,* the mere filing of the complaint in the first action "estopped or barred" plaintiff from maintaining this action. A *fortiori,* the prosecution of it to judgment did so. For the reasons stated, defendant's motion must be granted and the complaint dismissed; and

It is so ordered.

January 30, 1959.

PER CURIAM.

Upon consideration of the exceptions of the appellant (which are overruled) we are convinced that the trial judge correctly decided the issue. His well-considered order will be published as the judgment of this court. In addition to the authorities cited in it, the following are relevant: *C. M. Davis Son & Co. v. Stukes,* 122 S. C. 539, 115 S. E. 814; *Johnson v. Carolina Life Ins. Co.,* 200 S. C. 308, 20 S. E. (2d) 713.

Affirmed.